THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*

Attorney for plaintiff

| | | |
|---|---|---|
| BRIAN NORRIS, SR. | : | COURT OF COMMON PLEAS |
| 2012 Weisstown Road | : | PHILADELPHIA COUNTY, PA |
| Bechtelsville, PA 19505 | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : | MARCH TERM 2015 |
| v. | : | NO. 1332 |
| | : | |
| TOP LOCK CORP. | : | |
| 319 Harlon Drive | : | |
| Mooresville, IN 46158 | : | |
| and | : | |
| SONNY SCAFFOLDING | : | |
| c/o Sonny Perry | : | |
| 319 Harlon Drive | : | |
| Mooresville, IN 46158 | : | |
| and | : | |
| SONNY PERRY | : | |
| 319 Harlon Drive | : | |
| Mooresville, IN 46158 | : | |
| and | : | |
| MYERS SPRING COMPANY, INC. | : | |
| 720 Water Street | : | |
| Logansport, IN 46947 | : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT

AND NOW, comes the plaintiff, Brian Norris, Sr., by and through his attorney, Thomas

F. Sacchetta, Esquire, and avers as follows:

1.      Plaintiff, Brian Norris, is an adult individual residing at 2012 Weisstown Road,

Bechtelsville, Pennsylvania 19505.

2.      Defendant, Top Lock Corp., is, upon information and belief, a corporation,

1

Case ID: 150301332

partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Indiana with an address of 319 Harlan Drive, Mooresville, Indiana 46158. Defendant, Top Lock Corp., regularly conducts business in Philadelphia County.

3.      Defendant, Sonny Scaffolding, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Indiana with an address c/o Sonny Perry, 319 Harlan Drive, Mooresville, Indiana 46158. Defendant, Sonny Scaffolding, regularly conducts business in Philadelphia County.

4.      Defendant, Sonny Perry, is an adult individual who maintained a business address of 319 Harlan Drive, Mooresville, Indiana 46158. Defendant, Sonny Perry, regularly conducts business in Philadelphia County.

5.      Defendant, Myers Spring Company, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Indiana with an address of 720 Water Street, Logansport, Indiana 46947. Defendant, Myers Spring Company, Inc., regularly conducts business in Philadelphia County.

6.      On March 15, 2013, plaintiff, Brian Norris, Sr., while in the course and scope of his employment as a carpenter, was injured when the scaffolding he was on collapsed causing him to fall.

7.      At all relevant material hereto, defendants, Top Lock Corp., Sonny Scaffolding, Sonny Perry and Myers Spring Company, Inc., were engaged in the selling, leasing, marketing, manufacturing, distributing and design of the scaffolding and its component parts including

Case ID: 150301332

springs.

8.    The accident was caused by the negligence of defendants and each of them, and plaintiff brings this action to recover against them jointly and severally.

## COUNT I - NEGLIGENCE

### Plaintiff, Brian Norris, Sr. v. Defendant, Top Lock Corp.

9.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

10.    The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Top Lock Corp., acting by and through its agents servants, workmen and employees.

11.    Such negligence and carelessness consisted of the following:

(a)    failing to properly equip the scaffolding and its component parts including springs with appropriate safety devices;

(b)    failing to offer devices or products so as to make the defective scaffolding and its component parts including springs safe;

(c)    allowing its defective scaffolding and its component parts including springs to be sold in a defective condition;

(d)    failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associated with the defective scaffolding and its component parts including springs;

(e)    failing to investigate the dangers associated with its defective scaffolding and is component parts including springs and its use;

(f)    placing its product in the stream of commerce when it knew it was not

3

Case ID: 150301332

properly equipped with all features to make the defective scaffolding and its component parts including springs for its intended use;

(g)    failing to properly design the defective scaffolding and its component parts including springs so that it would not cause harm or increase harm to others;

(h)    designing, manufacturing, assembling, selling and/or leasing a defective scaffolding and its component parts including springs which it knew or should have known, was in a defective condition;

(i)    failing to perform tests or studies about the operation of the defective scaffolding and its components parts including springs; and

(k)    ignoring evidence and facts about the dangers of the defective scaffolding and its component parts including springs when used in a reasonably foreseeable manner.

12.    The accident was caused by the negligence and recklessness of defendant, Top Lock Corp., and was in no way caused by the plaintiff.

13.    As a result of the accident, plaintiff, Brian Norris, Sr., suffered severe injuries which included, but were not limited to, complex fracture of the left lower extremity requiring numerous surgeries and eventual loss of limb.

14.    As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

15.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services.

4

16.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired.

17.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment in his favor and against defendants, jointly and severally, in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

**COUNT II - NEGLIGENCE**

**Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Scaffolding**

18.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

19.    The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Sonny Scaffolding, acting by and through its agents servants, workmen and employees.

20.    Such negligence and carelessness consisted of the following:

(a)    failing to properly equip the scaffolding and its component parts including springs with appropriate safety devices;

(b)    failing to offer devices or products so as to make the defective scaffolding and its component parts including springs safe;

(c)    allowing its defective scaffolding and its component parts including springs to be sold in a defective condition;

(d)    failing to warn users or others subject to injury resulting from the

5

dangerous product, of the dangers associated with the defective scaffolding and its component parts including springs;

        (e)    failing to investigate the dangers associated with its defective scaffolding and its component parts including springs and its use;

        (f)    placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the defective scaffolding and its component parts including springs for its intended use;

        (g)    failing to properly design the defective scaffolding and its component parts including springs so that it would not cause harm or increase harm to others;

        (h)    designing, manufacturing, assembling, selling and/or leasing a defective scaffolding and its component parts including springs which it knew or should have known, was in a defective condition;

        (i)    failing to perform tests or studies about the operation of the defective scaffolding and its component parts including springs; and

        (k)    ignoring evidence and facts about the dangers of the defective scaffolding and its component parts including springs when used in a reasonably foreseeable manner.

    21.    The accident was caused by the negligence and recklessness of defendant, Sonny Scaffolding, and was in no way caused by the plaintiff.

    22.    As a result of the accident, plaintiff, Brian Norris, Sr., suffered severe injuries which included, but were not limited to, complex fracture of the left lower extremity requiring numerous surgeries and eventual loss of limb.

    23.    As a result of plaintiff's injuries, he has endured and will continue to endure great

Case ID: 150301332

pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

24.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services.

25.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired.

26.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment in his favor and against defendants, jointly and severally, in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

### COUNT III - NEGLIGENCE

### Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Perry

27.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.    The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Sonny Perry, acting by and through its agents servants, workmen and employees.

29.    Such negligence and carelessness consisted of the following:

(a)    failing to properly equip the scaffolding and its component parts including springs with appropriate safety devices;

(b)    failing to offer devices or products so as to make the defective scaffolding

7

Case ID: 150301332

and its component parts including springs safe;

(c)    allowing its defective scaffolding and its component parts including springs to be sold in a defective condition;

(d)    failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associated with the defective scaffolding and its component parts including springs;

(e)    failing to investigate the dangers associated with its defective scaffolding and its component parts including springs and its use;

(f)    placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the defective scaffolding and is component parts including springs for its intended use;

(g)    failing to properly design the defective scaffolding and its component parts including springs so that it would not cause harm or increase harm to others;

(h)    designing, manufacturing, assembling, selling and/or leasing a defective scaffolding and its component parts including springs which it knew or should have known, was in a defective condition;

(i)    failing to perform tests or studies about the operation of the defective scaffolding and its component parts including springs; and

(k)    ignoring evidence and facts about the dangers of the defective scaffolding and its component parts including springs when used in a reasonably foreseeable manner.

30.    The accident was caused by the negligence and recklessness of defendant, Sonny Perry, and was in no way caused by the plaintiff.

8

Case ID: 150301332

31.    As a result of the accident, plaintiff, Brian Norris, Sr., suffered severe injuries which included, but were not limited to, complex fracture of the left lower extremity requiring numerous surgeries and eventual loss of limb.

32.    As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

33.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services.

34.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired.

35.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment in his favor and against defendants, jointly and severally, in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT IV - NEGLIGENCE

### Plaintiff, Brian Norris, Sr. v. Defendant, Myers Spring Company, Inc.

36.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

37.    The incident and resulting injuries to plaintiff were caused by the negligence of defendant, Myers Spring Company, Inc., acting by and through its agents servants, workmen and

9

Case ID: 150301332

employees.

38.    Such negligence and carelessness consisted of the following:

(a)    failing to properly equip the scaffolding and its component parts including springs with appropriate safety devices;

(b)    failing to offer devices or products so as to make the defective scaffolding and its component parts including springs safe;

(c)    allowing its defective scaffolding and its component parts including springs to be sold in a defective condition;

(d)    failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associated with the defective scaffolding and its component parts including springs;

(e)    failing to investigate the dangers associated with its defective scaffolding and its component parts including springs and its use;

(f)    placing its product in the stream of commerce when it knew it was not properly equipped with all features to make the defective scaffolding and its component parts including springs for its intended use;

(g)    failing to properly design the defective scaffolding and its component parts including springs so that it would not cause harm or increase harm to others;

(h)    designing, manufacturing, assembling, selling and/or leasing a defective scaffolding and its component parts including springs which it knew or should have known, was in a defective condition;

(i)    failing to perform tests or studies about the operation of the defective

10

Case ID: 150301332

scaffolding and its component parts including springs; and

        (k)    ignoring evidence and facts about the dangers of the defective scaffolding and its component parts including springs when used in a reasonably foreseeable manner.

      39.    The accident was caused by the negligence and recklessness of defendant, Myers Spring Company, Inc., and was in no way caused by the plaintiff.

      40.    As a result of the accident, plaintiff, Brian Norris, Sr., suffered severe injuries which included, but were not limited to, complex fracture of the left lower extremity requiring numerous surgeries and eventual loss of limb.

      41.    As a result of plaintiff's injuries, he has endured and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

      42.    As a result of plaintiff's injuries, he has expended and will be required to expend large sums of money for medical treatment rehabilitation and therapeutic treatment, and other attendant services.

      43.    As a result of plaintiff's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired.

      44.    As a result of plaintiff's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

      WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment in his favor and against defendants, jointly and severally, in an amount in excess of the jurisdictional limit for arbitration, together with interest and costs.

11

Case ID: 150301332

## COUNT V

### Plaintiff, Brian Norris, Sr. v. Defendant, Top Lock Corp.

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

45.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

46.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the scaffolding and its component parts including springs, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, Top Lock Corp., is strictly liable to plaintiff.

47.     The defective scaffolding and its component parts including springs involved in the accident described above was defective for its foreseeable use and purpose.

48.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective scaffolding and its component parts including springs involved in the accident.

49.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Top Lock Corp., to equip the defective scaffolding and its component parts including springs with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Top Lock Corp., strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of

12

Case ID: 150301332

damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

## COUNT VI

### Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Scaffolding

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

50.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

51.    The injuries and damages plaintiff were directly and proximately caused by the defective condition of the scaffolding and its component parts including springs, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, Sonny Scaffolding, is strictly liable to plaintiff.

52.    The defective scaffolding and its component parts including springs involved in the accident described above was defective for its foreseeable use and purpose.

53.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective scaffolding and its component parts including springs involved in the accident.

54.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Sonny Scaffolding, to equip the defective scaffolding and its component parts including springs with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Sonny Scaffolding, strictly

13

liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

## COUNT VII

### Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Perry

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

55.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

56.    The injuries and damages plaintiff were directly and proximately caused by the defective condition of the scaffolding and its component parts including springs, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, Sonny Perry, is strictly liable to plaintiff.

57.    The defective scaffolding and its component parts including springs involved in the accident described above was defective for its foreseeable use and purpose.

58.    The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective scaffolding and its component parts including springs involved in the accident.

59.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Sonny Perry, to equip the defective scaffolding and its

14

Case ID: 150301332

component parts including springs with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Sonny Perry, strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

**COUNT VIII**

**Plaintiff, Brian Norris, Sr. v. Defendant, Myers Spring Company, Inc.**

**PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(a) AND PENNSYLVANIA INTERPRETIVE COMMON LAW**

60.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

61.     The injuries and damages plaintiff were directly and proximately caused by the defective condition of the scaffolding and its component parts including springs, either by virtue of its defective design, defective manufacture, or defendant's failure to adequately warn of the dangers of the product, for which defendant, Myers Spring Company, Inc., is strictly liable to plaintiff.

62.     The defective scaffolding and its components parts including springs involved in the accident described above was defective for its foreseeable use and purpose.

63.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective scaffolding and its component parts including springs involved in

15

the accident.

64.    The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendant, Myers Spring Company, Inc., to equip the defective scaffolding and its component parts including springs with all devices necessary to make it safe for its intended use.

WHEREFORE, plaintiff requests this court hold defendant, Myers Spring Company, Inc., strictly liable, jointly and severally, because its product was defective, as defined by Restatement of Torts (Second), §402(a) and Pennsylvania interpretive common law, and that an award of damages be entered in favor of plaintiff in an amount in excess of $50,000.00 and in excess of this court's arbitrational limit.

**COUNT IX**

**Plaintiff, Brian Norris, Sr. v. Defendant, Top Lock Corp.**

**<u>BREACH OF WARRANTY</u>**

65.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

66.    At the time that they sold, leased or rented the scaffolding and its component parts including springs at issue, defendant, Top Lock Corp., was in the business of manufacturing and marketing scaffolding and its component parts including springs and was, with respect to this scaffolding and its component parts including springs, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

67.    The injuries and damages sustained by plaintiff, Brian Norris, Sr., were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Top Lock

16

Corp., in connection with its sale, lease or rental of the defective scaffolding and its component parts including springs.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

**COUNT X**

**Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Scaffolding**

**<u>BREACH OF WARRANTY</u>**

68.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

69.    At the time that they sold, leased or rented the scaffolding and its component parts including springs at issue, defendant, Sonny Scaffolding, was in the business of manufacturing and marketing scaffolding and its component parts including springs and was, with respect to this scaffolding and its component parts including springs, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

70.    The injuries and damages sustained by plaintiff, Brian Norris, Sr., were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Sonny Scaffolding, in connection with its sale, lease or rental of the defective scaffolding and its component parts including springs.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

17

## COUNT XI

**Plaintiff, Brian Norris, Sr. v. Defendant, Sonny Perry**

### BREACH OF WARRANTY

71.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

72.    At the time that they sold, leased or rented the scaffolding and its component parts including springs at issue, defendant, Sonny Perry, was in the business of manufacturing and marketing scaffolding and its component parts including springs and was, with respect to this scaffolding and its component parts including springs, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

73.    The injuries and damages sustained by plaintiff, Brian Norris, Sr., were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Sonny Perry, in connection with its sale, lease or rental of the defective scaffolding and its component parts including springs.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

## COUNT XII

**Plaintiff, Brian Norris, Sr. v. Defendant, Myers Spring Company, Inc.**

### BREACH OF WARRANTY

74.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

18

Case ID: 150301332

75.    At the time that they sold, leased or rented the scaffolding and its component parts including springs at issue, defendant, Myers Spring Company, Inc., was in the business of manufacturing and marketing scaffolding and its component parts including springs and was, with respect to this scaffolding and its component parts including springs, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

76.    The injuries and damages sustained by plaintiff, Brian Norris, Sr., were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendant, Myers Spring Company, Inc., in connection with its sale, lease or rental of the defective scaffolding and its component parts including springs.

WHEREFORE, plaintiff, Brian Norris, Sr., demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand ($50,000.00) dollars, and in excess of this Court's arbitrational limit.

SACCHETTA & BALDINO


By:    /s/ Thomas F. Sacchetta
       THOMAS F. SACCHETTA, ESQUIRE
       Attorneys for plaintiff

19

Case ID: 150301332

<u>VERIFICATION</u>

The undersigned verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Brian Norris

Date:_____

Case ID: 150301332

## CERTIFICATE OF SERVICE

Thomas F. Sacchetta, Esquire, attorney for plaintiff, hereby certifies that a true and correct copy of the foregoing Complaint was served via First Class Mail on April 24, 2015 on the following:

Anthony J. Rash, Esquire
Dickie, McCamey & Chilcotte, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222

Top Lock Corp.
319 Harlon Drive
Mooresville, IN 46158

Sonny Scaffolding
c/o Sonny Perry
319 Harlon Drive
Mooresville, IN 46158

Sonny Perry
319 Harlon Drive
Mooresville, IN 46158

SACCHETTA & BALDINO

By:    /s/ Thomas F. Sacchetta
THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiff

Case ID: 150301332

# Exhibit B

**IN.gov**    Indiana Secretary of State    

## Business Services Online

- Search for Indiana Business Information
- Print Official Certificates of Existence
- Place Orders for Other Certificates
- Download Business Entity Documents
- File a Supplemental Filing

Enter Business Name to Start:

Sonny

○ Full word search
◉ Partial word search

Client ID (Optional)

SUBMIT    RESET

Instructions:

- NOTE: Use of words such as "The," "Inc," or "&" will increase the search time required. Use of common words like "Indiana," "Association," and "Midwest" will increase search time as well.

- When you enter a Business Name and click on the search button, you will receive entity names that match your search criteria along with name type, entity type and the city/state. Select an entity from the resulting list to view additional information, including entity full address, control number, status, entity creation date, entity expiration date (if applicable), entity inactive date (if applicable) and any other names for the entity. The third screen will contain more detail information, including registered agent, principals, transactions made with the Secretary of State's office, and corporate report information.

- You will have the option to print an official Certificate of Existence for any entity that is active and current under the law. There is a total fee of $20.00 for IN.gov subscribers and a fee of $21.42 for credit card users.

**Business Entity Name Search Tips**

« Back to the SOS Web site

https://secure.in.gov/sos/online_corps/name_search.aspx

**IN.gov**  Indiana Secretary of State

### Partial Word Business Entity Names Search Results
There were 50 results matching your search criteria : SONNY

First Prev **1**   2   Next Last

| Entity Name | Type | Entity Type | City / State |
|---|---|---|---|
| ED "SONNY" THOMAS AGENCY, INC. | Former | For-Profit Domestic Corporation | MADISON, IN |
| ED "SONNY" THOMAS INSURANCE AGENCY, INC. | Legal | For-Profit Domestic Corporation | MADISON, IN |
| MR SONNY LLC | Legal | Domestic Limited Liability Company (LLC) | NOBLESVILLE, IN |
| SONNY HOME SERVICES LLC | Legal | Domestic Limited Liability Company (LLC) | Gary, IN |
| SONNY TRUCKING LLC | Former | Domestic Limited Liability Company (LLC) | FORT WAYNE, IN |
| SONNY & SONS TOWING, LLC | Legal | Domestic Limited Liability Company (LLC) | INDIANAPOLIS, IN |
| SONNY ACRES, L.L.C. | Legal | Domestic Limited Liability Company (LLC) | GREENTOWN, IN |
| SONNY AND SIS INC | Legal | For-Profit Domestic Corporation | |
| SONNY ARTHUR HOME BUILDER, INC. | Legal | For-Profit Domestic Corporation | FLOYDS KNOBS, IN |
| SONNY AUTOCARE, INC. | Legal | For-Profit Domestic Corporation | INDPSL, IN |
| SONNY BOY PROPERTIES, LLC | Legal | Foreign Limited Liability Company (LLC) | WHEATON, IL |
| SONNY CARE HOME HEALTH AGENCY CORP. | Legal | For-Profit Domestic Corporation | Kokomo, IN |
| SONNY CARE LLC | Legal | Domestic Limited Liability Company (LLC) | Kokomo, IN |
| SONNY DEVELOPMENT CORP. | Legal | For-Profit Domestic Corporation | IN |
| SONNY DEVORE ENTERPRISES, INC. | Legal | For-Profit Domestic Corporation | IN |
| SONNY ENTERPRISES LLC | Legal | Domestic Limited Liability Company (LLC) | CLARKSVILLE, IN |
| SONNY ENTERPRISES, INC. | Legal | For-Profit Domestic Corporation | IN |
| SONNY FRENCH BUILDERS, INC. | Legal | For-Profit Domestic Corporation | GEORGETOWN, IN |
| SONNY GROCERY STORE INC. | Legal | For-Profit Domestic Corporation | SOUTH BEND, IN |
| SONNY HORIZON, LLC | Legal | Domestic Limited Liability Company (LLC) | |
| SONNY INVESTORS, LLC | Legal | Domestic Limited Liability Company (LLC) | |
| SONNY LLC | Legal | Domestic Limited Liability Company (LLC) | Zionsville, IN |
| SONNY PHOTOGRAPHY STUDIO INC. | Legal | For-Profit Domestic Corporation | GARY, IN |
| SONNY PRODUCTS, LLC | Legal | Domestic Limited Liability Company (LLC) | |
| SONNY REAL ESTATE CORPORATION | Legal | For-Profit Domestic Corporation | GARY, IN |
| SONNY RIECKEN CONSTRUCTION COMPANY, INC. | Legal | For-Profit Domestic Corporation | NEW HARMONY, IN |
| SONNY RUBERTO STUDIO INC | Legal | For-Profit Domestic Corporation | |
| SONNY SCAFFOLDS INC | Legal | For-Profit Domestic Corporation | INDIANAPOLIS, IN |
| SONNY SERVICE OIL COMPANY IN | Legal | Miscellaneous | |
| SONNY T. WATERHOUSE LLC | Reserved | Domestic Reserved Name (C) | |

First Prev **1**   2   Next Last

NEW SEARCH

If you encounter technical difficulties while using these services, please contact the *IN.gov* Webmaster.
If you are unable to find the information you need through the resources provided on this web site, please contact Secretary of State Connie Lawson's Business Services Division at 317-232-6576.

« Back to the SOS Web site

IN.gov                    Indiana Secretary of State  

## Partial Word Business Entity Names Search Results
There were 50 results matching your search criteria : SONNY

First Prev  1   **2**  Next Last

| Entity Name | Type | Entity Type | City / State |
|---|---|---|---|
| SONNY WILLIAMS CONSTRUCTION, INC. | Legal | For-Profit Domestic Corporation | IN |
| SONNY'S ARCO INC | Legal | For-Profit Domestic Corporation | |
| SONNYS AUTO SALES INC | Legal | Miscellaneous | |
| SONNY'S CARS INCORPORATED | Legal | For-Profit Domestic Corporation | |
| SONNY'S CLEANING SERVICE, INC. | Legal | For-Profit Domestic Corporation | NEW ALBANY, IN |
| SONNY'S DECORATING INC | Legal | For-Profit Domestic Corporation | VALPARAISO, IN |
| SONNY'S EMMONS AUTO PARTS INC | Legal | For-Profit Domestic Corporation | LAPAZ, IN |
| SONNY'S HOME IMPROVEMENT, INC. | Legal | For-Profit Domestic Corporation | AVON, IN |
| SONNY'S INC | Legal | For-Profit Domestic Corporation | |
| SONNY'S MOBILE HOMES INC | Legal | Miscellaneous | |
| SONNY'S NAILS INC. | Legal | For-Profit Domestic Corporation | MUNSTER, IN |
| SONNY'S PARADISE LIQUORS LLC | Former | Domestic Limited Liability Company (LLC) | MUNSTER, IN |
| SONNY'S PIZZA & DELI | Assumed | For-Profit Domestic Corporation | INDIANAPOLIS, IN |
| SONNY'S SERVICE INC | Legal | For-Profit Domestic Corporation | |
| SONNYS SHOP LLC | Legal | Domestic Limited Liability Company (LLC) | GREENFIELD, IN |
| SONNY'S STANDARD NORTHSIDE | Assumed | For-Profit Domestic Corporation | RICHMOND, IN |
| SONNY'S STEAK & SEAFOOD RESTAURANT, INC. | Legal | For-Profit Domestic Corporation | DANVILLE, IN |
| SONNYSIDE FARMS, INC. | Legal | For-Profit Domestic Corporation | CLARKSVILLE, IN |
| SONNYSIDE INVESTORS, INC. | Legal | For-Profit Domestic Corporation | CLARKSVILLE, IN |
| SONNYVILLA CHILDREN'S HOME, INC. | Legal | Non-Profit Domestic Corporation | SOUTH BEND, IN |

First Prev  1   **2**  Next Last

NEW SEARCH

If you encounter technical difficulties while using these services, please contact the *IN.gov* Webmaster.
If you are unable to find the information you need through the resources provided on this web site, please contact Secretary of State Connie Lawson's Business Services Division at 317-232-6576.

« Back to the SOS Web site

886    198610-524



## INDIANA ANNUAL REPORT OF BUSINESS CORPORATION

State Form 41328 (R11 / 1-93)

Prescribed by Joseph H. Hogsett, Secretary of State

Corporations Division: Telephone (317) 232-6576

FILING DEADLINE: 10/31 10/2009

INSTRUCTIONS: See reverse side

Approved by State Board of Accounts 1990

APPROVED AND FILED

| | PRESORTED FIRST CLASS MAIL U.S. POSTAGE PAID INDIANAPOLIS, IN PERMIT NO. 2682 |

### CORPORATION NAME AND PRINCIPAL OFFICE ADDRESS

This report is for filing year:

**1993**

Other years reported on this form:

SONNY SCAFFOLDS INC

319 HARLAN DR
MOORESVILLE, IN  46158

Joseph H. Hogsett

FILING FEE $15.00

Date of incorporation/qualification
10/14/86

State of incorporation

---

****** A SIGNATURE IS REQUIRED BELOW FOR THIS REPORT TO BE ACCEPTED ******

*** PLEASE NOTE THE NEW FILING DEADLINE FOR THIS REPORT IS 10/31/93 ***

**TO BE VALID YOU MUST SIGN HERE →**

**A** I hereby verify, subject to penalties of perjury, that facts contained herein are true. (Notarization not necessary)

Signature of current corporate officer (must be filed in section B or on reverse of this form)

Eugene A. Perry

**B** INDICATE NAME AND ADDRESS OF PRESIDENT / SECRETARY / OFFICER

List names and business addresses of the corporate directors and additional officers on the reverse side (if any)

PRESIDENT / DIRECTOR NAME AND ADDRESS

PERRY, EUGENE. D.
91 W MORGAN ST
MOORESVILLE

Indicate any changes to above officer

SECRETARY / OFFICER NAME AND ADDRESS

PERRY, BARBARA. J.
91 W MORGAN ST
MOORESVILLE

Indicate any changes to above officer

**C** Complete only if change has occurred — Mailing address of principal office is now:

**D** If not preprinted you must complete — Name of Registered Agent / Indiana street address of Registered Office (P.O. Box will not be accepted)

EUGENE PERRY
319 Harlan Dr.
MOORESVILLE                    IN  46158

**E** Complete only if change of Registered Agent or Registered Office — Registered Agent of Corporation in Indiana is now:

Indiana street address of Registered Office is now: (P.O. Box will not be accepted)

**COMPLETE REVERSE SIDE**

Dear Corporate Officer,

This report is required to be filed each year by business corporations. We appreciate you taking the time to complete and submit the report, so that our records may accurately reflect the current information for your corporation.

If you have any questions, please contact our Corporations Division at (317) 232-6576.

Sincerely,

Joseph H. Hogsett

---

**INSTRUCTIONS   PURSUANT TO I.C. 23-1-53-3**

1. Please complete all sections on both sides.
2. SIGN SECTION "A" ON REVERSE SIDE.
3. For changes in REGISTERED AGENT AND REGISTERED OFFICE ADDRESS complete section "E".
4. Make check or money order for filing fee payable to Secretary of State in the amount of $15.00.
5. Make a photocopy of the completed form for your records and mail form before filing deadline indicated on reverse side.
6. BEFORE THIS REPORT CAN BE ACCEPTED:
   (a) All sections must be fully completed.
   (b) Section "A" must be signed.
   (c) A filing fee must be enclosed.
7. Send completed form and fee to:    Secretary of State
                                       P.O. Box 5501
                                       Indianapolis, IN 46225

---

| **G** | **SHARE INFORMATION** | |
|---|---|---|
| Total shares authorized | | Total shares issued and outstanding |
| 1000 | | 100 |
| Itemize by class and series *(if any)* | | Itemize by class and series *(if any)* |
| N/A | | N/A |

| **H** | **BRIEFLY DESCRIBE NATURE OF THE BUSINESS** |
|---|---|
| | Manufacturer of indoor rolling scaffolding |

| **I** | **LIST DIRECTORS AND ADDITIONAL OFFICERS** |
|---|---|
| | |

896    198610-524



# INDIANA ANNUAL REPORT OF BUSINESS CORPORATION

State Form 41328 (R12 / 10-93)
Prescribed by Joseph H. Hogsett, Secretary of State
Corporations Division: Telephone (317) 232-8576

**201088**

FILING DEADLINE: **10/31/94**

*INSTRUCTIONS: See reverse side*
Approved by State Board of Accounts 1990

PRESORTED
**FIRST CLASS MAIL**
U.S. POSTAGE PAID
INDIANAPOLIS, IN
PERMIT NO. 2682

| CORPORATION NAME AND PRINCIPAL OFFICE ADDRESS | FILING FEE $15.00 |
|---|---|

This report is for filing year: **1994**

Other years reported on this form:

SONNY SCAFFOLDS INC

319 HARLAN DR
MOORESVILLE, IN 46158

APPROVED
AND
FILED

**OCT 1 1 1994**

Date of incorporation/qualification
**10/14/86**

State of incorporation

\* \* \* \* \* \* \* **A SIGNATURE IS REQUIRED BELOW FOR THIS REPORT TO BE ACCEPTED** \* \* \* \* \* \* \*

**A**  I hereby verify, subject to penalties of perjury, that facts contained herein are true. (Notarization not necessary)

**TO BE VALID YOU MUST SIGN HERE** ➤  Signature of current corporate officer (must be listed in section B or on reverse of this form)

**B**  **INDICATE NAME AND ADDRESS OF PRESIDENT / SECRETARY / OFFICER**
List names and business addresses of the corporate directors and additional officers on the reverse side (if any)

PRESIDENT / DIRECTOR NAME AND ADDRESS

PERRY.EUGENE. D.
91 W MORGAN ST
MOORESVILLE

Indicate any changes to above officer

SECRETARY / OFFICER NAME AND ADDRESS

PERRY.BARBARA. J.
91 W MORGAN ST
MOORESVILLE

Indicate any changes to above officer

**C**  Complete only if change has occurred

Mailing address of principal office is now.

**D**  If not preprinted you must complete

Name of Registered Agent / Indiana street address of Registered Office (P.O. Box will not be accepted)

EUGENE PERRY
319 HARLAN DR.
MOORESVILLE                    IN  46158

**E**  Complete only if change of Registered Agent or Registered Office

Registered Agent of Corporation in Indiana is now:

Indiana street address of Registered Office is now. (P.O. Box will not be accepted)

**COMPLETE REVERSE SIDE**

Dear Corporate Officer,

This report is required to be filed each year by business corporations. We appreciate you taking the time to complete and submit the report, so that our records may accurately reflect the current information for your corporation.

If you have any questions, please contact our Corporations Division at (317) 232-6576.

Sincerely,

Joseph H. Hogsett

---

### INSTRUCTIONS· PURSUANT TO I C. 23-1-53-3

1. Please complete all sections on both sides.
2. SIGN SECTION "A" ON REVERSE SIDE.
3. For changes in REGISTERED AGENT AND REGISTERED OFFICE ADDRESS complete section "E".
4. Make check or money order for filing fee payable to Secretary of State in the amount of $15.00.
5. Make a photocopy of the completed form for your records and mail form before filing deadline indicated on reverse side.
6. BEFORE THIS REPORT CAN BE ACCEPTED:
   (a) All sections must be fully completed.
   (b) Section "A" must be signed.
   (c) A filing fee must be enclosed.
7. Send completed form and fee to:    Secretary of State
                                       P.O. Box 5501
                                       Indianapolis, IN 46255

---

| **G** | **SHARE INFORMATION** |
|---|---|

All corporations must list the number of shares authorized and issued. "N/A" or "Not Applicable" does not satisify this requirement.

| Total shares authorized | Total shares issued and outstanding |
|---|---|
| 1000 | 100 |
| Itemize by class and series *(if any)* | Itemize by class and series *(if any)* |
| N/A | N/A |

---

| **H** | **BRIEFLY DESCRIBE NATURE OF THE BUSINESS** |
|---|---|

Manufacturer of indoor rolling scaffolding

---

| **I** | **LIST DIRECTORS AND ADDITIONAL OFFICERS** |
|---|---|

954    198610-524
## INDIANA ANNUAL REPORT OF BUSINESS CORPORATION

State Form 41328 (R13 / 2-95)
Prescribed by Sue Anne Gilroy, Secretary of State
Corporations Division: Telephone (317) 232-6576
FILING DEADLINE:    10/31/95

700069

*INSTRUCTIONS: See reverse side*
Approved by State Board of Accounts 1990

PRESORTED
**FIRST CLASS MAIL**
U.S. POSTAGE PAID
INDIANAPOLIS, IN
PERMIT NO. 2682

| CORPORATION NAME AND PRINCIPAL OFFICE ADDRESS | | FILING FEE $15.00 |
|---|---|---|
| This report is for filing year: **1995** Other years reported on this form: | SONNY SCAFFOLDS INC<br><br>319 HARLAN DR<br>MOORESVILLE, IN  46158 | Date of incorporation/qualification **12/14/86**<br><br>State of incorporation **IN**<br><br>Federal Identification number **35-1688861** |

APPROVED AND FILED

\* \* \* \* \* \* \* A SIGNATURE IS REQUIRED BELOW FOR THIS REPORT TO BE ACCEPTED \* \* \* \* \* \* \*

| | A | I hereby verify, subject to penalties of perjury, that facts contained herein are true. *(Notarization not necessary)* |
|---|---|---|
| **TO BE VALID YOU MUST SIGN HERE** | | Signature of current corporate officer (must be listed in section B or on reverse of the form)<br><br>*Eugene D. Perry* |

| | B | INDICATE NAME AND ADDRESS OF PRESIDENT / SECRETARY / OFFICER |
|---|---|---|
| | | List names and business addresses of the corporate directors and additional officers on the reverse side *(if any)* |
| PRESIDENT OR HIGHEST OFFICER NAME AND ADDRESS | | PERRY.EUGENE. D.<br>91 W MORGAN ST<br>MOORESVILLE              IN  46158 |
| Indicate any changes to above officer | | |
| SECRETARY / OFFICER NAME AND ADDRESS | | PERRY.BARBARA. J.<br>91 W MORGAN ST<br>MOORESVILLE              IN  46158 |
| Indicate any changes to above officer | | |
| | C | Complete only if change has occurred | Mailing address of principal office is now: |
| | D | If not preprinted you must complete | Name of Registered Agent / Indiana street address of Registered Office *(P.O. Box will not be accepted)*<br><br>EUGENE PERRY<br>319 HARLAN DR.<br>MOORESVILLE              IN  46158 |
| | E | Complete only if change of Registered Agent or Registered Office | Registered Agent of Corporation in Indiana is now:<br><br>Indiana street address of Registered Office is now: *(P.O. Box will not be accepted)* |

## COMPLETE REVERSE SIDE

Dear Corporate Officer,

During my term as Secretary of State, I am working to improve the level of service to our customers by reducing the burden of unnecessary filings and fees. Please call me at (317) 232-6531 with any suggestions or ideas you have for making our operation more efficient and effective. Thank you.

Sincerely,

*Sue Anne Gilroy*

Sue Anne Gilroy
Secretary of State

PLEASE NOTE:  For business questions about corporations or filings, please call (317) 232-6576.

## INSTRUCTIONS  PURSUANT TO IC 23-1-53.3

1.  Please complete all sections on both sides.
2.  SIGN SECTION "A" ON REVERSE SIDE.
3.  For changes in REGISTERED AGENT AND REGISTERED OFFICE ADDRESS complete section "E".
4.  Make check or money order for filing fee payable to Secretary of State in the amount of $15.00.
5.  Make a photocopy of the completed form for your records and mail form before filing deadline indicated on reverse side.
6.  BEFORE THIS REPORT CAN BE ACCEPTED:
    (a)  All sections must be fully completed.
    (b)  Section "A" must be signed.
    (c)  A filing fee must be enclosed.
7.  Send completed form and fee to:        Secretary of State
                                            P.O. Box 6501
                                            Indianapolis, IN 46255

## G    SHARE INFORMATION

All corporations must list the number of shares authorized and issued.  "N/A" or "Not Applicable" does not satisfy this requirement.

| Total shares authorized | Total shares issued and outstanding |
|---|---|
| 1000 | 100 |
| Itemize by class and series *(if any)* | Itemize by class and series *(if any)* |
| N/A | N/A |

## H    BRIEFLY DESCRIBE NATURE OF THE BUSINESS

Manufacturer of indoor rolling scaffolding

## I    LIST DIRECTORS AND ADDITIONAL OFFICERS

487    193610-524

**INDIANA BIENNIAL REPORT OF BUSINESS CORPORATION**

State Form 47333 (R / 4-96)
Prescribed by Sue Anne Gilroy, Secretary of State
Corporations Division: Telephone (317) 232-6676

FILING DEADLINE: 10/31/96

*INSTRUCTIONS: See reverse side*

Approved by State Board of Accounts, 1996

202015

| | PRESORTED |
|---|---|
| | **FIRST CLASS MAIL** |
| | U.S. POSTAGE PAID |
| | INDIANAPOLIS, IN |
| | PERMIT NO. 2682 |

Indiana Code 23-1-18-3; 23-1-53-3

| CORPORATION NAME AND PRINCIPAL OFFICE ADDRESS | | BIENNIAL FILING FEE $30.00 | |
|---|---|---|---|
| This report is for filing year: **1996/97** Other years reported on this form: | SONNY SCAFFOLDS INC 319 HARLAN DR MOORESVILLE, IN 46158 | Date of incorporation/qualification **10/14/86** | |
| | | State of incorporation **IN** | |
| | | Federal Identification number **35-1688861** | |

```
    *                                              *
    *                                              *
 ******* A SIGNATURE IS REQUIRED BELOW FOR THIS REPORT TO BE ACCEPTED *******
    *                                              *
    *                                              *
```

**TO BE VALID YOU MUST SIGN HERE** →

**1** I hereby verify, subject to penalties of perjury, that facts contained herein are true. *(Notarization not necessary)*

Signature of current corporate officer (must be listed in section 2)

X *Eugene W. Perry*

**2** INDICATE NAME AND ADDRESS OF PRESIDENT / SECRETARY

List names and business addresses of the corporate directors on the reverse side (if any)

| PRESIDENT OR HIGHEST OFFICER NAME AND ADDRESS | PERRY.EUGENE. D. 91 W MORGAN ST MOORESVILLE | IN 46158 |
|---|---|---|
| Indicate any changes to above officer | | |
| SECRETARY / OFFICER NAME AND ADDRESS | PERRY.BARBARA. J. 91 W MORGAN ST MOORESVILLE | IN 46158 |
| Indicate any changes to above officer | | |

**3** Complete only if change has occurred — Mailing address of principal office is now:

**4** If not preprinted you must complete — Name of Registered Agent / Indiana street address of Registered Office (P.O. Box will not be accepted)

EUGENE PERRY
319 Harlan Dr.
MOORESVILLE                    IN 46158

**5** Complete only if change of Registered Agent or Registered Office — Registered Agent of Corporation in Indiana is now:

Indiana street address of Registered Office is now: (P.O. Box will not be accepted)

**COMPLETE REVERSE SIDE**

| 6 | LIST DIRECTORS | | | |
|---|---|---|---|---|
| Name of Director | Street Address | City | State | ZIP Code |
| Eugene D. Perry | 91 W. Morgan Street | Mooresville | IN | 46158 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

If additional directors, please attach additional pages as necessary.

Dear Corporate Officer:

During my term as Indiana Secretary of State, I am committed to improving service to customers by reducing the burden of unnecessary filings and fees. As a result of my legislative package, corporate report filings have been cut in half. Corporations file a report with our office every second year following the year of incorporation. Those corporations incorporated in an EVEN year, must file in 1996 and every even year thereafter. Those incorporated in an ODD year will not file until 1997 and then every odd year thereafter. The biennial report is due in the month of original incorporation. Please note your date of incorporation on the front of this form, or call our information line at (317) 232-6576 to find out the date.

The fee is now $30.00 for a 2-year registration instead of $15.00 for a 1-year registration.

Please read carefully the following instructions to help you complete successfully the filing requirements of this Biennial Report.

If you have any questions, ideas or suggestions, please contact me at 201 Statehouse, Indianapolis, Indiana 46204. Thank you.

Sincerely,

Sue Anne Gilroy
Indiana Secretary of State



**189**    **198610-524**
## INDIANA BIENNIAL REPORT OF BUSINESS CORPORATION
State Form 47333 (R / 4-96)
Prescribed by Sue Anne Gilroy, Secretary of State
Corporations Division: Telephone (317) 232-4575

FILING DEADLINE:    **10/31/98**
INSTRUCTIONS:  See reverse side
Approved by State Board of Accounts, 1995

**301083**
**10-28-98**

PRESORTED
**FIRST CLASS MAIL**
U.S. POSTAGE PAID
INDIANAPOLIS, IN
PERMIT NO. 2882

Indiana Code 23-1-18-3; 23-1-53-3

| CORPORATION NAME AND PRINCIPAL OFFICE ADDRESS: | BIENNIAL FILING FEE $30.00 |
|---|---|

This report is for filing year:
**1998/99**
Other years reported on this form:

SONNY SCAFFOLDS INC

319 HARLAN DR
MOORESVILLE, IN  46158

Date of Incorporation/qualification
**10/14/86**

State of Incorporation
**IN .**

Federal Identification number
**35-1688861**

46158X Ye5458c61353      [barcode]

```
*
    *                                                                      *
 ******  A  SIGNATURE  IS  REQUIRED  BELOW  FOR  THIS  REPORT  TO  BE  ACCEPTED  ******
    *                                                                      *
*                                                                          *
```

**1**  I hereby verify, subject to penalties of perjury, that facts contained herein are true.
(Notarization not necessary)

TO BE VALID YOU MUST SIGN HERE ➤

**SIGN HERE**

**2**  INDICATE NAME AND ADDRESS OF PRESIDENT /SECRETARY
List names and business addresses of the corporate directors on the reverse side (if any)

| PRESIDENT OR HIGHEST OFFICER NAME AND ADDRESS | PERRY, EUGENE. D.<br>~~91 W MORGAN ST~~<br>MOORESVILLE                         IN   46158 |
|---|---|
| Indicate any changes to above officer | 319 HARLAN DRIVE, MOORESVILLE IN  46158 |
| SECRETARY / OFFICER NAME AND ADDRESS | ~~PERRY, BARBARA, J.~~<br>~~91 W MORGAN ST~~<br>~~MOORESVILLE~~                ~~IN  46158~~ |
| Indicate any changes to above officer | RICHARD E BLAKE, 319 HARLAN DRIVE, MOORESVILLE, IN  46158 |

**3**  Complete only if change has occurred
Mailing address of principal office is now:
319 HARLAN DRIVE  MOORESVILLE, IN  46158

**4**  If not preprinted you must complete
Name of Registered Agent / Indiana street address of Registered Office (P.O. Box will not be accepted)
EUGENE PERRY
319 Harlan Dr.
MOORESVILLE                                IN   46158

**5**  Complete only if change of Registered Agent or Registered Office
Registered Agent of Corporation in Indiana is now:

Indiana street address of Registered Office is now: (P.O. Box will not be accepted)

## COMPLETE REVERSE SIDE

| 6 | LIST DIRECTORS | | | | |
|---|---|---|---|---|---|
| **Name of Director** | **Street Address** | **City** | **State** | **ZIP Code** | |
| EUGENE PERRY | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 | |
| RICHARD E BLAKE | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 | |
| SANDY J LAMBERT | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 | |
| | | | | | |
| | | | | | |
| | | | | | |

If additional directors, please attach additional pages as necessary.

Dear Corporate Officer:

During my term as Indiana Secretary of State, I am committed to improving service to customers by reducing the burden of unnecessary filings and fees. As a result of my legislative package, corporate report filings have been cut in half. Corporations file a report with our office every second year following the year of incorporation. Those corporations incorporated in an EVEN year, must file in 1996 and every even year thereafter. Those incorporated in an ODD year will not file until 1997 and then every odd year thereafter. The biennial report is due in the month of original incorporation. Please note your date of incorporation on the front of this form, or call our information line at (317) 232-6576 to find out the date.

The fee is now $30.00 for a 2-year registration instead of $15.00 for a 1-year registration.

Please read carefully the following instructions to help you complete successfully the filing requirements of this Biennial Report.

If you have any questions, ideas or suggestions, please contact me at 201 Statehouse, Indianapolis, Indiana 46204. Thank you.

Sincerely,

*Sue Anne Gilroy*

Sue Anne Gilroy
Indiana Secretary of State

## INDIANA BUSINESS ENTITY REPORT

State Form 48725 (5-98)
Approved by State Board of Accounts, 1998
Prescribed by Sue Anne Gilroy, Secretary of State

198610-524

108025

PRESORTED
**FIRST CLASS MAIL**
**U.S. POSTAGE PAID**
INDIANAPOLIS, IN
PERMIT NO. 2682

*INSTRUCTIONS:*
*1. Complete sections A-H. (Section H is located on the back of the form.)*
*2. Make check payable to the Indiana Secretary of State.*
*3. Mail form and check to P.O. Box 7097, Indianapolis, IN 46207*

FILED

OCT 16 2000

**A. All entity types must complete this section.**

| Current filing year: | Past filing years reported on this form: |
|---|---|
| 2000/2001 | |

**B. All entity types must complete this section.**

| Current entity name and principal office address | Please make any changes to address here |
|---|---|
| SONNY SCAFFOLDS INC<br>319 Harlan Dr.<br>MOORESVILLE, IN 46158 | |

**C. All entity types must complete this section.**

| Date of Incorporation / Qualification / Formation | Domicile State |
|---|---|
| 10/14/1986 | INDIANA |

**D. All entity types must complete this section. Please check the appropriate type for your corporate entity.**

☒ Business Corporation ☐ Professional Corporation ☐ Non profit Corporation ☐ Ag Coop ☐ Limited Liability Company

**E. All entity types must complete this section. A P.O. box is not an acceptable address unless accompanied by a rural route number.**

| Current registered agent and registered address | Please make changes to agent and address here. |
|---|---|
| EUGENE PERRY<br>319 Harlan Dr.<br>MOORESVILLE, IN 46158-0000 | |

**F. All entity types except LLCs complete this section.**

| Current President or highest officer and address | Please make changes to officer and address here. |
|---|---|
| PERRY.EUGENE. D.<br>319 Harlan Dr.<br>MOORESVILLE, IN 46158 | |

| Current Secretary or other officer and address | Please make changes to officer and address here. |
|---|---|
| Ricahrd E. Blake<br>319 Harlan Dr.<br>MOORESVILLE, IN 46158 | |

**G. Must be signed by a corporate officer, chairman of the board or by a member or manager of an LLC.**

**This document is signed under the penalties of perjury.**
**(If fee is blank, check the fee schedule on back.)**
**TOTAL FEES DUE:**    $30.00

H. All entity types **except LLCs** complete this section.

Directors: Please list the name and address of current director(s). (*Attach additional sheets if necessary*)

| Name of Director | Street Address | City | State | ZIP Code |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Fee Schedule:**

**Domestic Corporations**

All Indiana / domestic corporations must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of incorporation. Corporations incorporated in an even year will need to file every even year beginning in 1996. Corporations incorporated in an odd year will need to file every odd year beginning in 1997. For all domestic corporations any reports due prior to 1996 were filed on an annual basis with a fee of $15.00 per year.

**Foreign Corporations**

All foreign / non-Indiana corporations must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of qualification in Indiana. Corporations qualified in an odd year will need to file every odd year beginning in 1997. Corporations qualified in an even year will need to file every even year beginning in 1998. For all foreign corporations any reports due prior to 1997 were filed on an annual basis with a fee of $15.00.

**Limited Liability Companies (domestic and foreign)**

All limited liability companies (LLC) must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of organization or qualification in Indiana. LLCs organized in an odd year will need to file every odd year beginning in 1997. LLCs qualified in an even year will need to file every even year beginning in 1998. For all LLCs any reports due prior to 1997 were filed on an annual basis with a fee of $15.00.

**Non-profit Corporations**

All non-profit corporations (domestic and foreign) must file annual reports in the anniversary month of incorporation. The filing fee is $10.00 per year.

**Limited Liability Partnerships and Limited Partnerships**

Do not file corporate reports.

1783

**INDIANA BUSINESS ENTITY REPORT**
State Form 48725 (R / 8-00)
Approved by State Board of Accounts, 1998
Prescribed by Sue Anne Gilroy, Secretary of State

198610-524

*12-2-02*

**INSTRUCTIONS:**
*1. Complete sections A-H. (Section H is located on the back of the form.)*
*2. Make check payable to the Indiana Secretary of State.*
*3. Mail form and check to P.O. Box 7097, Indianapolis, IN 46207*

| PRESORTED |
| **FIRST CLASS MAIL** |
| **U.S. POSTAGE PAID** |
| INDIANAPOLIS, IN |
| PERMIT NO. 2682 |

*101117*

A. All entity types must complete this section.

Current entity name and principal office address
SONNY SCAFFOLDS INC
319 Harlan Dr.
MOORESVILLE, IN  46158

Please make any changes to address here

B. All entity types must complete this section.

Current filing year:  2002/2003          Past filing years reported on this form:

C. All entity types must complete this section.

Date of Incorporation / Qualification / Formation  10/14/1986      Domicile State  INDIANA

D. All entity types must complete this section. Please check the appropriate type for your corporate entity.

[X] Business Corporation   [ ] Professional Corporation   [ ] Non profit Corporation   [ ] Ag Coop   [ ] Limited Liability Company

E. All entity types must complete this section. A P.O. box is not an acceptable address unless accompanied by a rural route number.

Current registered agent and registered address
EUGENE PERRY
319 Harlan Dr.
MOORESVILLE, IN  46158-0000

Please make changes to agent and address here.

F. All entity types except **LLCs** complete this section.

Current President or highest officer and address
PERRY.EUGENE. D.
319 Harlan Dr.
MOORESVILLE, IN  46158

Please make changes to officer and address here.

Current Secretary or other officer and  address
Ricahrd E. Blake
319 Harlan Dr.
MOORESVILLE, IN  46158

Please make changes to officer and address here.

G. Must be signed by a corporate officer, chairman of the board or by
   a member or manager of an LLC.

X *Eugene W. Perry*

**This document is signed under the penalties of perjury.**
*(If fee is blank, check the fee schedule on back.)*
**TOTAL FEES DUE:**   **$30.00**

H. All entity types **except LLCs** complete this section.
Directors: Please list the name and address of current director(s). *(Attach additional sheets if necessary)*

| Name of Director | Street Address | City | State | ZIP Code |
|---|---|---|---|---|
| EUGENE D. PERRY | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 |
| RICHARD E. BLAKE | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 |
| SANDY J. LAMBERT | 319 HARLAN DRIVE | MOORESVILLE | IN | 46158 |
| | | | | |
| | | | | |
| | | | | |

**Fee Schedule:**

**Domestic Corporations**

All Indiana / domestic corporations must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of incorporation. Corporations incorporated in an even year will need to file every even year beginning in 1996. Corporations incorporated in an odd year will need to file every odd year beginning in 1997. For all domestic corporations any reports due prior to 1996 were filed on an annual basis with a fee of $15.00 per year.

**Foreign Corporations**

All foreign / non-Indiana corporations must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of qualification in Indiana. Corporations qualified in an odd year will need to file every odd year beginning in 1997. Corporations qualified in an even year will need to file every even year beginning in 1998. For all foreign corporations any reports due prior to 1997 were filed on an annual basis with a fee of $15.00.

**Limited Liability Companies (domestic and foreign)**

All limited liability companies (LLC) must file a biennial report with the Secretary of State. The fee is $30.00 for a two-year registration. The report is due in the anniversary month of organization or qualification in Indiana. LLCs organized in an odd year will need to file every odd year beginning in 1997: LLCs qualified in an even year will need to file every even year beginning in 1998. For all LLCs any reports due prior to 1997 were filed on an annual basis with a fee of $15.00.

**Non-profit Corporations**

All non-profit corporations (domestic and foreign) must file annual reports in the anniversary month of incorporation. The filing fee is $10.00 per year.

**Limited Liability Partnerships and Limited Partnerships**

Do not file corporate reports.

# INDIANA BUSINESS ENTITY REPORT

Indiana Secretary of State

1/23/2006 10:55:51 AM

**Filer Name**
CHARLOTTE J. BELL COSGROVE

**Filer Title**
PRESIDENT

**Years Filed**
2004/2005

**Entity name and current principal office address**
SONNY SCAFFOLDS INC
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**Entity Creation Date**
10/14/1986

**Domicile State**
INDIANA

**Entity Type**
FOR-PROFIT DOMESTIC CORPORATION

**Current registered agent and registered address**
CHARLOTTE J. BELL COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**Current principal(s) and address(es)**

**DIRECTOR**

JEFFREY R. COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**PRESIDENT**

CHARLOTTE J. BELL COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

# INDIANA BUSINESS ENTITY REPORT

Indiana Secretary of State

10/23/2006 2:00:58 PM

**Filer Name**
CHARLOTTE J. BELL COSGROVE

**Filer Title**
PRESIDENT

**Years Filed**
2006/2007

**Entity name and current principal office address**
SONNY SCAFFOLDS INC
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**Entity Creation Date**
10/14/1986

**Domicile State**
INDIANA

**Entity Type**
FOR-PROFIT DOMESTIC CORPORATION

**Current registered agent and registered address**
CHARLOTTE J. BELL COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**Current principal(s) and address(es)**

**DIRECTOR**
JEFFREY R. COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241

**PRESIDENT**
CHARLOTTE J. BELL COSGROVE
5125 DECATUR BLVD.
SUITE F
INDIANAPOLIS, IN 46241



**ARTICLES OF DISSOLUTION
OF A CORPORATION**
State Form 34471 (R10 / 1-03)
Approved by the State Board of Accounts 1998

*198610-524*

TO BE... ...OF
SECRETARY OF STATE
CORPORATIONS DIVISION
302 W. Washington St., Rm. E018
Indianapolis, I N 46204
Telephone: (317) 232-6576

INSTRUCTIONS: *Use 8 1/2" x 11" white paper for attachments.*
*Present the original and one copy to address in upper righthh and corner ofthis form.*
*Please TYPE or PRINT.*
*Please visit our office on the web at www.sos.in.gov.*

Indiana Code 23-1-45-3

Filing Fee:   $30.00

## ARTICLES OF DISSOLUTION
## OF
*Sonny Scaffolds Inc*
Name of Corporation

The above corporation *(hereinafter referred to as the "Corporation")d esiring to give notice of corporate action authorizing and effectua-ting the dissolution of the Corporation pursuant to the provisions of the Indiana Business Corporation Law, sets forth the following:

### ARTICLE I - NAME

Name of Corporation
*Sonny Scaffolds, Inc*

Date of incorporation
*10/14/1986*

### ARTICLE II - AUTHORIZATION

The date of dissolution was authorized pursuant to Indiana Code 23-1-45-2  *4/18/0*  , 20 *08*

### ARTICLE III - VOTE OF SHAREHOLDERS

| VOTES CAST FOR OR AGAINST DISSOLUTION | TOTAL | SHARES ENTITLED TO VOTE AS A CLASS | | |
| --- | --- | --- | --- | --- |
| | | 1 | 2 | 3 |
| SHARES ENTITLED TO VOTE | *200* | *200* | | |
| SHARES VOTED IN FAVOR | *130* | | | |
| SHARES VOTED AGAINST | | | | |

The totaln umber of votes cast for dissolution was sufficient for approval.    ☑ Yes    ☐ No

In  Witness Whereof, the undersigned being the  *Secretary*
                                                          Title
of the Corporation executes these Articles of Dissolution and verifies, subject to the penalties of perjury, that the statements contained
herein are true, this  *10th*  day of  *July*  , 20 *08* .

Signature                                                    Printed name  *Jeffrey R. Cosgrove*

NOTE:   Notice of Voluntary Dissolution must be filed with the following State agencies:  The Unclaimed Property Section of the Attorney
General of Indiana (IC 32-9-1-14); the Department of Revenue (IC 6-8.1-10-9); and the Indiana Department of Workforce
Development (IC 22-4-32-23).  Clearances from these agencies are no longern ecessary, but are recommended to protect
officers and directors from personal liability.

Indiana Department of Revenue, Compliance Division
100 N Senate Ave  Rm N203
Indianapolis IN 46204    Telephone:  (317)2 32-2118

Indiana Department of Workforce Development,
Employer Audit Section
10 N Senate Ave
Indianapolis  IN 46204    Telephone: (317) 232-7436

Indiana Attorney General, Unclaimed Property
402 W Washington St  5th Floor
Indianapolis  IN 46204    Telephone: (317)2 32-6348

Indiana Secretary of State
Packet: 198610-524
Filing Date: 07/14/2008
Effective Date: 07/14/2008

Indiana Secretary of State
Packet: 198610-524
Filing Date: 07/14/2008
Effective Date: 07/14/2008

**State of Indiana**
**Office of the Secretary of State**

CERTIFICATE OF DISSOLUTION

of

**SONNY SCAFFOLDS INC**

I, TODD ROKITA, Secretary of State of Indiana, hereby certify that Articles of Dissolution of the above For-Profit Domestic Corporation have been presented to me at my office, accompanied by the fees prescribed by law and that the documentation presented conforms to law as prescribed by the provisions of the Indiana Business Corporation Law.

NOW, THEREFORE, with this document I certify that said transaction will become effective Monday, July 14, 2008.



In Witness Whereof, I have caused to be affixed my signature and the seal of the State of Indiana, at the City of Indianapolis, July 14, 2008.

TODD ROKITA,
SECRETARY OF STATE

198610-524 / 2008071443005

Form SSC-01
State Form 4158

## STATE OF INDIANA
# OFFICE OF THE SECRETARY OF STATE

### CERTIFICATE OF INCORPORATION

### OF

SONNY SCAFFOLDS, INC.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    I, EDWIN J. SIMCOX, *Secretary of State of Indiana, hereby certify that Articles of Incorporation of the above Corporation, in the form prescribed by my office, prepared and signed in duplicate by the incorporator(s), and acknowledged and verified by the same, have been presented to me at my office accompanied by the fees prescribed by law; that I have found such Articles conform to law; that I have endorsed my approval upon the duplicate copies of such Articles; that all fees have been paid as required by law; that one copy of such Articles has been filed in my office; and that the remaining copy of such Articles bearing the endorsement of my approval and filing has been returned by me to the incorporator(s) or his(their) representatives; all as prescribed by the provisions of the* INDIANA GENERAL CORPORATION ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ., *as amended.*
NOW, THEREFORE, *I hereby issue to such Corporation this Certificate of Incorporation, and further certify that its corporate existence has begun.*

*In Witness Whereof, I have hereunto set my hand and affixed*

*the seal of the State of Indiana, at the City of Indianapolis,*

*this* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14th** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *day of*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **OCTOBER** . . . . . . . . . . . . . ., *19*. . . . . . **86**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**EDWIN J. SIMCOX,** *Secretary of State*

*By*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                                   *Deputy*

FEE: Minimum fee for up to 1000 shares . . $ __36.00__

Fee for shares over 1,000 but less than 200,000
@ 2¢ per share . . . . . . . . . . . . . . . . . . . . + $

Fee for shares over 200,000 but less than
1,000,000
@ 1¢ per share . . . . . . . . . . . . . . . . . . . + $

Fee for shares over
1,000,000
@ 0.2¢ per share . . . . . . . . . . . . . . . + $

Total Fee Due $

**FILED**
IND. SECRETARY OF STATE

CORPORATIONS DIV.

'96 OCT 14 P 1:59

FRED WILL SIMCOX
SECRETARY OF STATE

Corporate Form No. 101 (Oct. 1981)—Page One
ARTICLES OF INCORPORATION

Edwin J. Simcox, Secretary of State of Indiana

Use White Paper—Size 8½ x 11—For Inserts

Filing Requirements—Present 2 originally signed and
fully executed copies to Secretary of State, Room
155, State House, Indianapolis 46204

Recording Requirements—Recording of Articles of
Incorporation in the Office of the County Recorder
is no longer required by the Indiana General
Corporation Act.

# ARTICLES OF INCORPORATION
## OF

### SONNY SCAFFOLDS, INC.

The undersigned incorporator or incorporators, desiring to form a corporation (hereinafter referred to as the "Corporation") pursuant to the provisions of:
(Indicate appropriate act)

[X] *Indiana General Corporation Act*    [ ] **Indiana Professional Corporation Act of 1983**

as amended (hereinafter referred to as the "Act"), execute the following Articles of Incorporation:

## ARTICLE I
### Name

The name of the Corporation is    SONNY SCAFFOLDS, INC.

(The name must contain the word "Corporation" or "Incorporated", or an abbreviation of one of these words.)

## ARTICLE II
### Purposes

The purposes for which the Corporation is formed are:   In furtherance and not in limitation of the general powers conferred by the laws in the State of Indiana, and the objects and purposes herein set forth, this Corporation shall have the following powers, viz:  To manufacture and sell interior construction equipment; and, in general, to carry on any other lawful business whatsoever in connection with the foregoing of which is calculated, directly or indirectly, to promote the interests of the Corporation and enhance the value of its properties.

State Form 4159R Z

Corporate Form No. 101—Page Two
Prescribed by Edwin J. Simcox, Secretary of State
(Oct. 1981)

# ARTICLE III
## Period of Existence

The period during which the Corporation shall continue is... perpetual ...........
(perpetual or a stated period of time)

# ARTICLE IV
## Resident Agent and Principal Office

<u>Section 1. Resident Agent.</u> The name and address of the Corporation's Resident Agent for service of process

is. Eugene D. Perry                                 801 East Bridge Street
                    (Name)                         (Number and Street or Building)

.....Mooresville....................    Indiana    ................    46158
        (City)                         (State)                      (Zip Code)

<u>Section 2. Principal Office.</u> The post office address of the principal office of the Corporation is............

319 Harlan Drive        Mooresville    Indiana    46158
(Number and Street or Building)    (City)    (State)    (Zip Code)

**(The resident agent and principal office address must be located in Indiana.)**

# ARTICLE V
## Authorized Shares

<u>Section 1. Number of Shares</u>:

The total number of shares which the Corporation is to have authority to issue is  1,000  .

A.  The number of authorized shares which the corporation designates as having par value is ____ -0-
    with a par value of $  N/A  .

B.  The number of authorized shares which the corporation designates as without par value is  1000  .

<u>Section 2. Terms of Shares (if any)</u>:

        Shares of the capital stock of the corporation may be issued by
the corporation for such amount of consideration as may be fixed
from time to time by the Board of Directors, and may be paid in
whole or in part, in money, in property, as provided for, from
time to time, by the Board of Directors.

Corporate Form No. 101—Page Three

Prescribed by Edwin J. Simcox, Secretary of State
(Oct. 1981)

# ARTICLE VI
## Requirements Prior To Doing Business

The Corporation will not commence business until consideration of the value of at least $1,000 (one thousand dollars) has been received for the issuance of shares.

# ARTICLE VII
## Director(s)

Section 1. Number of Directors: The initial Board of Directors is composed of two (2) member(s). The number of directors may be from time to time fixed by the By-Laws of the Corporation at any number. In the absence of a By-Law fixing the number of directors, the number shall be two (2).

Section 2. Names and Post Office Addresses of the Director(s): The name(s) and post office address(es) of the initial Board of Director(s) of the Corporation is (are):

| Name | Number and Street or Building | City | State | Zip Code |
|------|-------------------------------|------|-------|----------|
| Eugene D. Perry | 801 East Bridge Street | Mooresville | Indiana | 46158 |
| Richard E. Blake | 319 Harlan Drive | Mooresville | Indiana | 46158 |

Section 3. Qualifications of Directors (if any):

None

Corporate Form No. 101—Page Four

Prescribed by Edwin J. Simcox, Secretary of State
(Oct. 1981)

# ARTICLE VIII
## Incorporator(s)

The name(s) and post office address(es) of the incorporator(s) of the Corporation is (are):

| Name | Number and Street or Building | City | State | Zip Code |
|---|---|---|---|---|
| Nick G. Ricos | 1213 N. Arlington Ave., #205 | Indianapolis | Indiana | 46219 |

# ARTICLE IX
## Provisions for Regulation of Business
## and Conduct of Affairs of Corporation

("Powers" of the Corporation, its directors or shareholders)
(Attach additional pages, if necessary)

No such provisions, except as may be subsequently
adopted and made a part of the By-Laws in accordance with
the laws of the State of Indiana.

THIS DOCUMENT MUST BE SIGNED BY ALL INCORPORATORS.

I (We) hereby verify subject to penalties of perjury that the facts contained herein are true. (Notarization not necessary)

_Nick Ricos_
(Written Signature)

Nick G. Ricos
(Printed Signature)

_____
(Written Signature)

_____
(Printed Signature)

_____
(Written Signature)

_____
(Printed Signature)

This instrument was prepared by ___Nick G. Ricos_____, Attorney at
(Name)

Law, __1213 N. Arlington Ave., #205_____ __Indianapolis___ __Indiana__ __46219__
(Number and Street or Building)                      (City)            (State)      (Zipcode)

1986 10-524

**STATEMENT OF RESIGNATION OF REGISTERED AGENT**

State Form 26285 (R4 / 4-95)
Approved by State Board of Accounts, 1995

APPROVED AND FILED

RECEIVED CORPORATIONS DIV.
05 OCT 14 AM 10: 07

SECRETARY OF STATE

**TODD ROKITA**
SECRETARY OF STATE
CORPORATIONS DIVISION
302 W. Washington St., Rm. E018
Indianapolis, IN 46204
Telephone: (317) 232-6576

**INSTRUCTIONS:** Use 8 1/2" x 11" white paper for inserts.
Present original and two (2) copies to address in upper right corner of this form.
Please TYPE or PRINT.

Indiana Code 23-1-24-3 (for profit corporation)
Indiana Code 23-17-6-3 (non-profit corporation)

**NO FILING FEE**

| REGISTERED AGENT STATEMENT |
|---|

I, the undersigned, hereby resign the appointment as the registered agent for:

Name of Corporation
Sonny Scaffolds, Inc.

REGISTERED OFFICE ADDRESS:
319 Harlan Drive, Mooresville, Indiana 46158-0000
Address (number and street, city, state, ZIP code)

IN WITNESS WHEREOF, the undersigned being the registered agent of said Corporation executes this resignation and verifies, subject to penalties of perjury, that the statements contained herein are true, this 12TH day of October

xxxx 2004

| Signature | Printed name |
|---|---|
| Eugene H. Perry | Eugene Perry |

The agency appointment is hereby terminated, and the registered office is discontinued as so provided thirty-one (31) days from the date of filing of this statement.

| OFFICE USE ONLY |
|---|

The Secretary of State has mailed one copy to the Corporation at its principal office and a copy to the registered office, if not discontinued.

Signature of Secretary of State

Signature of Deputy

1986 10-524

**NOTICE OF CHANGE OF REGISTERED OFFICE OR REGISTERED AGENT (ALL CORPORATIONS)**
State Form 26276 (R5 / 4-95)

APPROVED AND FILED

**TODD ROKITA**
SECRETARY OF STATE
CORPORATIONS DIVISION
302 W. Washington St., Rm. E018
Indianapolis, IN 46204
Telephone: (317) 232-6576

Indiana Code 23-1-24-2 (for profit corporation)
Indiana Code 23-17-6-2 (non-profit corporation)

**NO FILING FEE**

**INSTRUCTIONS:** Use 8 1/2" x 11" white paper for inserts.
Present original and two (2) copies to address in upper right corner of this form.
Please TYPE or PRINT.

| Name of corporation | Date of incorporation |
|---|---|
| Sonny Scaffolds, Inc. | October 14, 1986 |

Current registered office address (number and street, city, state, ZIP code)
319 Harlan Drive, Mooresville, Indiana 46158-0000

New registered office address (number and street, city, state, ZIP code)
49 Boone Village #106, Zionsville, Indiana 46077-1231

Current registered agent (type or print name)
Eugene Perry

New registered agent (type or print name)
Charlotte J. Bell Cosgrove

**STATEMENTS BY REGISTERED AGENT OR CORPORATION**

This statement is a representation that the new registered agent has consented to the appointment as registered agent, or statement attached signed by registered agent giving consent to act as the new registered agent.

After the change or changes are made, the street address of this corporation's registered agent and the address of its registered office will be identical.

The registered agent filing this statement of change of the registered agent's business street address has notified the represented corporation in writing of the change, and the notification was manually signed or signed in facsimile.

IN WITNESS WHEREOF, the undersigned executes this notice and verifies, subject to the penalties of perjury, that the statements contained herein are true, this _12th_ day of _October_, 2004

| Signature | Title |
|---|---|
| *Charlotte J. Bell Cosgrove* | President |

Charlotte J. Bell Cosgrove